IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2004 Session

## FIRST NATIONAL OF NORTH AMERICA, LLC v. MICHAEL MARKS

**Chancery Court for Davidson County**
**No. 01-778-I     Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2002-03104-COA-R3-CV - Filed May 18, 2004**

---

WILLIAM C. KOCH, JR., P.J., M.S., dissenting.

Both First National of North America, LLC and Michael Marks were victimized by Jerry Levine's shady mortgage brokering. When the dust settled, Mr. Levine did not effectively assign Mr. Marks's note and deed of trust to First National, thereby leaving First National with no security. At the same time, Mr. Levine did not pay off Mr. Marks's existing mortgage, leaving him even deeper in debt than he was before. The majority has decided that Mr. Marks should bear the brunt of Mr. Levine's defalcations by requiring him to partially indemnify First National. I disagree.

The majority has overlooked an essential ingredient of every unjust enrichment claim. A person or entity seeking to recover for unjust enrichment must prove that it conferred a benefit on the defendant and that it would be unjust to permit the defendant to retain the benefit without paying for it. *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 197-98 (Tenn. 2001); *Strickland v. Cartwright*, 117 S.W.3d 766, 773 (Tenn. Ct. App. 2003); *Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995). It is undisputed that the transactions between First National and Mr. Levine and between Messrs. Levine and Marks, while related, were legally distinct and separate. It is equally undisputed that First National never loaned money directly to Mr. Marks. Accordingly, First National failed to prove that it conferred a benefit directly upon Mr. Marks, and therefore, the trial court erred by failing to grant Mr. Marks's motion for a directed verdict on First National's unjust enrichment claim.

There is a second, equitable reason why First National should not have been entitled to recover on an unjust enrichment theory. Plaintiffs whose conduct caused their own injury should not be permitted to assert unjust enrichment claims. *TRW Title Ins. Co. v. Security Union Title Ins. Co.*, 153 F.3d 822, 829 (7th Cir. 1998); *Wabash Indep. Oil Co. f. King & Wills Ins. Agency*, 618 N.E.2d 1214, 1218 (Ill. App. Ct. 1993). First National's predicament arises from its own failure to pay attention to its paperwork with Mr. Levine. Had it done so, it would have had a legally enforceable assignment of Mr. Marks's note and deed of trust, and it would not have deprived itself

of security for the funds it advanced to Mr. Levine for Mr. Marks's mortgage. Of the two wronged parties, First National, a sophisticated mortgage lender, was in a better position to protect itself. Therefore, it, and not Mr. Marks, should bear the loss caused by Mr. Levine's conduct.

 

 

_____
WILLIAM C. KOCH, JR., P.J., M.S.